IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JERRY BLANEY | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-11-CV-0223-L |
| JUDGE OVARD | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This is a civil action brought by Jerry Blaney, a Texas prisoner, demanding that felony charges be brought against the judge who presided over his state criminal trial. On February 2, 2011, plaintiff tendered a five-page complaint to the district clerk and paid a $5.00 filing fee. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). "[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for

inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Not only has plaintiff failed to adequately plead a violation of any state or federal criminal statute, but he cannot maintain a private right of action as a result of any such violation. *Id., quoting Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir.), *cert. denied*, 109 S.Ct. 3250 (1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body"). Consequently, his complaint should be summarily dismissed for failure to state a claim upon which relief can be granted.

The court notes that this is the *fifth* lawsuit filed by plaintiff demanding that felony charges be brought against various judges who were involved in his state criminal trial and appeal. Three prior cases were summarily dismissed on initial screening. *See Blaney v. Myers*, No. 3-08-CV-1869-P, 2009 WL 400092 at *3 (N.D. Tex. Feb. 17, 2009); *Blaney v. Thaler*, No. 3-10-CV-1541-N, 2010 WL 5094315 at *2 (N.D. Tex. Nov. 12, 2010), *rec. adopted*, 2010 WL 5093948 (N.D. Tex. Dec. 13, 2010); *Blaney v. Fifth Dist. Court of Appeals*, No. 3-10-CV-2516-B, 2010 WL 5557498 (N.D. Tex. Dec. 13, 2010), *rec. adopted*, 2011 WL 61619 (N.D. Tex. Jan. 6, 2011).[1] Although plaintiff has been repeatedly told that "violations of criminal statutes do not give rise to a private right of action[,]" *see Blaney*, 2010 WL 5557498 at *1, he persists in filing frivolous lawsuits demanding that felony charges be brought against state court judges. In view of this conduct, plaintiff should be warned that any future lawsuits seeking damages or equitable relief against the judges involved in his state criminal trial and appeal, including the filing of criminal charges against those judges, may result in the imposition of sanctions. Such sanctions may include a monetary fine,

---

[1] A magistrate judge has recommended dismissal of the fourth case for want of prosecution. *Blaney v. Ovard*, No. 3-10-CV-2364-P (N.D. Tex. Jan. 31, 2011).

and an order barring plaintiff from filing any civil actions in federal court without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge. *See McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b). In addition, plaintiff should be warned that sanctions may be imposed if he files any other lawsuits against the judges involved in his state criminal trial and appeal.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE