IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERRY BLANEY,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:11-CV-223-L** |
| | § | |
| **JUDGE OVARD,** | § | |
| Defendant. | § | |

## ORDER

Before the court is Plaintiff Jerry Blaney's Petition for "Habeas Corpus Felony Criminal Charges Against Trial Judge Ovard," filed February 2, 2011. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings and Recommendation of the United States Magistrate Judge ("Report") on February 8, 2011. Plaintiff filed objections on February 17, 2011.

Plaintiff is a prisoner in the state of Texas. Although he characterizes his claim as a habeas corpus petition, it is clear that the relief Plaintiff seeks is to require criminal prosecution for felony charges against the judge who presided over his criminal trial, which is not the type of relief that a writ of habeas corpus can grant. The magistrate judge determined that Plaintiff has failed to state a claim upon which relief could be granted and recommends that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). The court agrees with the magistrate judge because, even if Plaintiff could identify a criminal statute that Judge Ovard violated while presiding over the criminal trial (which Plaintiff does not do), the law does not allow Plaintiff to maintain a private right of action as a result of any such criminal violation. *See Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007).

In his written objection to the Report, Plaintiff accuses Magistrate Judge Kaplan of turning this case "into a civil action for his own criminal purposes." Pl.'s Obj. 1. Plaintiff then goes on to accuse every judge who has ever handled Plaintiff's cases (and ruled against him) of being thieves and forgers. It is apparent to the court that Plaintiff has developed a bad habit of crying "criminal conduct" when judicial proceedings do not go his way. Plaintiff specifically objects to the court not treating his "habeas corpus petition" as a petition for habeas corpus. Plaintiff is obviously confused as to what exactly the purpose of a writ of habeas corpus is.

A writ of habeas corpus is a remedy provided by a court when a person is being unlawfully imprisoned. The writ compels that person's release and restores his liberty. Here, although Plaintiff is a prisoner, he is not requesting release from prison or even alleging that he is being held unlawfully. Instead, he is requesting that criminal felony charges be brought against Judge Ovard. A writ of habeas corpus cannot provide this type of relief and is therefore inapplicable here. Plaintiff states that he has filed multiple habeas petitions requesting this same relief, and that all have been dismissed. He further states that he "will NOT stop filing, This corrupt court will have to Barr [sic] this victim in order to protect Ovard from felony prosecution!!!" *Id.* at 3. The court admonishes Plaintiff that repeated filing of habeas petitions will do absolutely nothing to bring about the relief he seeks for the above stated reasons. Further, merely because a court decides against Plaintiff does not make that court "corrupt." Plaintiff's objections are overruled.

After having reviewed the petition, file, record, Report, and objections, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court **dismisses with prejudice** Plaintiff's Petition for "Habeas Corpus Felony Criminal Charges Against Trial Judge Ovard" for failure to state a claim upon which relief

can be granted.  *Plaintiff is warned that sanctions may be imposed if he files any other lawsuits against the judges involved in his state criminal trial and appeal.*

**It is so ordered** this 24th day of February, 2011.

                                                Sam A. Lindsay
                                                United States District Judge